**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 98-20726**
**Summary Calendar**

**MITSUBISHI INTERNATIONAL CORPORATION,**

**Plaintiff-Appellant,**

**VERSUS**

**M/V HENRIETTE MAERSK; A/S D/S SVENDBORG &**
**D S AF 1912 A/S; A. P. MOLLER,**

**Defendants-Appellees.**

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1480)

June 7, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mitsubishi International Corporation (Plaintiff) purchased a quantity of Butadiene in Brindisi, Italy and arranged for it to be shipped to Houston, Texas aboard the vessel M/V HENRIETTE MAERSK. Because the loading and unloading of Butadiene must be accomplished in a closed system, the loading in Brindisi, Italy was not visible and open to inspection. Pursuant to agreement between the parties,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the bills of lading covering this shipment would not be marked "clean on board" and in fact the bills of lading as issued each contained "an apparent good order clause." Upon arrival in Houston, the Butadiene was determined to be "off-specification as to dimer content." Mitsubishi sued the vessel and its owners alleging that contamination occurred during transit from Italy to Texas. After a one-day bench trial, the district court entered detailed Findings of Fact and Conclusions of Law which determined that Mitsubishi had failed to prove that the Butadiene cargo was delivered to the vessel "in good order and condition." Accordingly, the district court entered Final Judgment in favor of the vessel and its owners and Mitsubishi timely appeals.

We have carefully reviewed the briefs, the reply brief, the record excerpts and relevant portions of the record itself. We are unable to conclude that the district court abused its discretion as to the evidentiary rulings it made during trial. Likewise, we are unable to conclude that any of the factual findings made by the district court were clearly erroneous. The district court's conclusions of law were not erroneous. Accordingly, we affirm the Final Judgment of the district court entered on July 21, 1998.

**AFFIRMED.**